UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOUIS J. BRADFORD, ET AL.  CIVIL ACTION NO. 06-1147

versus  JUDGE HICKS
 **REFERRED TO**
CELLXION, L.L.C., ET AL.  **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM ORDER**

Plaintiff's **Motion to Amend (Doc. 15)** is **denied**. The attempt to add new defendants is based on Plaintiff's misunderstanding of the merger records that Plaintiff obtained from the Secretary of State. Defendant's memorandum plainly explains why neither Cellxion, Inc. nor the purported "Delaware Corporation" should be added as defendants. The court adds to that explanation that neither proposed defendant was identified in the charge of discrimination, and Plaintiff has not alleged that he was ever employed by either proposed defendant. Rather, he alleges that he was hired by Cellxion, L.L.C.

Plaintiff has also proposed adding an allegation that he makes claims under Title VII and the FMLA. Plaintiff does not propose to allege facts that would support such claims. Plaintiff argues in a memorandum that the proposed Title VII claim is based on racial discrimination, but race was not identified as a grounds of discrimination in the charge filed with the EEOC. And there is nothing in the charge that would bring such a claim within its scope so as to permit it to be asserted in this civil action. See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970) and Wong v. S B C Smart Yellow Pages, 2005 WL

1293717 (W.D. Tex. 2005) (discussing the scope of the charge rule).

With respect to the FMLA claim, Plaintiff's proposed pleading does not state any facts to explain the basis for such a claim. He merely cites the Act. Plaintiff argues in a memorandum that the claim is based upon an insurance administrator giving him the wrong forms "so that his FMLA leave would run out." But neither those alleged facts nor others mentioned in the memorandum are included in the proposed pleading. Given the bare bones reference to the FMLA in the proposed pleading, the court finds that Plaintiff has not demonstrated adequately that he should be permitted to add an FMLA claim.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of January, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE